IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARCO A. HAWKINS, AIS #180465,    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )   CIVIL ACT. NO. 2:19-cv-315-ECM
                                   )              (WO)
DE'ANGELO JONES, *et al*.,         )
                                   )
            Defendants.            )

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Recommendation of the Magistrate Judge (doc. 51) which recommends that the Defendants' motion for summary judgment (doc. 27) be granted with respect to the Plaintiff's claims against Defendants Crow and Smith and his claims for monetary damages against Defendants Jones and Totty in their official capacities be dismissed with prejudice. (Doc. 51 at 17). The Magistrate Judge also recommended that the motion for summary judgment be denied with respect to the Plaintiff's excessive force claims against Defendants Jones and Totty in their individual capacities. (*Id*.). On May 24, 2022, Defendants Jones and Totty filed objections to the Recommendation. (Doc. 52).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual

issues based on the record.  *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review.  *See Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.") (quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).   Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has undertaken a *de novo* review of the record in this case, the Recommendation of the Magistrate Judge, and the Defendants' objections.  The crux of the Defendants' objections relates to the manner in which the Magistrate Judge construed the facts in favor of the Plaintiff and denied summary judgment on the Plaintiff's excessive force claim.[1]  The Defendants appear to assert that because Hawkins is not credible, summary judgment should have been granted to the Defendants on the basis of qualified immunity.  (Doc. 52 at 3) ("Plaintiff's alleged facts appear to have a credibility issue.").

The Magistrate Judge found that,

> . . . Defendants Jones and Totty clearly dispute Plaintiff's version of events; however, at this stage the Court is required to view the facts in the light most favorable to Plaintiff and draw all reasonable inferences from those facts in his favor. *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 608 (11th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (stating that all justifiable inferences are to be drawn in favor of party opposing summary judgment).

---

[1] The Defendants assert that the Magistrate Judge's descriptions of the incident and the medical records are "incomplete," and she omitted a sentence from her narrative.  (Doc. 52 at 2, 4, and 5).

In this vein, Plaintiff states that Defendant Jones assaulted and beat him for having a cinnamon roll and that, while handcuffed, Defendant Totty kicked him in his abdomen. Plaintiff maintains that he did not threaten or disobey Defendant Jones or Totty and that, the day after the assault, Plaintiff was sent to Jackson Hospital to treat Plaintiff for blood in his urine. *See* Doc. 34 at 2. Defendant Jones denies that his use of force was excessive and maintains that force was used to restore order after Plaintiff punched him. And while Defendant Totty corroborates Defendant Jones's statement that Plaintiff punched him, Defendant Jones's body chart fails to show any injury to his face. *See* Doc. 27-8 at 1. Further, Plaintiff's own body charts from April 9 and April 10 fail to make note of any hand injury, redness, or swelling to indicate Plaintiff punched Defendant Jones. Docs 27-2 at 1, 27-9 at 1.

Viewing these facts in a light most favorable to Plaintiff, the Court concludes that Defendants Jones and Totty are not entitled to qualified immunity, as Plaintiff has alleged facts sufficient to survive summary judgment on his excessive force claim. *Skrtich*, 280 F.3d at 1301. Disputed issues of material fact exist regarding the need for the use of force by Defendants Jones and Totty, the nature of the force used, and whether they acted "maliciously and sadistically" to cause harm. Consequently, the motion for summary judgment on Plaintiff's excessive force claim against Defendants Jones and Totty in their individual capacities is due to be denied.

(Doc. 51 at 15–16).

The Plaintiff's version of the facts is vigorously opposed by the Defendants. The Defendants point out contradictions in the record and that the Plaintiff presents no evidence other than his own sworn testimony to support his version of the events. However, when considering summary judgment, the Court must consider the specific facts pled in Hawkins' sworn complaint. *See Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). The facts presented in the sworn complaint are sufficient to raise genuine

3

issues of material fact about the amount of force used and whether the force applied by Defendants Jones and Totty was applied in a good faith effort to maintain or restore discipline. *See Sears v. Roberts*, 922 F.3d 1199, 1206 (11th Cir. 2019) (noting that statements in a verified complaint should be "treated as testimony by the district court"); *see also Strickland v. Norfolk Southern Ry. Co*. 692 F.3d 1151, 1160 (11th Cir. 2002) ("Our case law recognizes that, even in the absence of collaborative evidence, a plaintiff's own testimony may be sufficient to withstand summary judgment."

> Summary judgment is not a time for fact-finding; that task is reserved for trial. *See, e.g., Tolan v. Cotton*, 572 U.S. 650, 655–57, 134 S.Ct. 1861, 188 L.Ed.2d 985 (2014). Rather, on summary judgment, the district court must accept as fact all allegations the non-moving party makes, provided they are sufficiently supported by the evidence of record. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). So when competing narratives emerge on key events, courts are not at liberty to pick which side they think is more credible. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013). Indeed, if "the only issue is one of credibility," the issue is factual, and a court cannot grant summary judgment. *Mize v. Jefferson City Bd. Of Educ*., 93 F.3d 739, 742–43 (11th Cir. 1996).
>
> We must also bear in mind that, in identifying the relevant facts to resolve a motion for summary judgment, a district court must "view all evidence and make all reasonable inferences in favor of" the non-moving party. *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citations and quotation marks omitted). And if a reasonable jury could make more than one inference from the facts, and one of those permissible inferences creates a genuine issue of material fact, a court cannot grant summary judgment. *Id.* Rather, the court must hold a trial to get to the bottom of the matter.

*Sconiers v. Lockhart*, 946 F.3d 1256, 1263 (11th Cir. 2020).

In essence, the Defendants' objections are an attack on the Plaintiff's credibility. It

is well-recognized in this Circuit that, at the summary judgment stage, "the court must avoid weighing conflicting evidence or making credibility determinations." *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993); *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment."); *see also Strickland*, 692 F.3d at 1154 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he [or she] is ruling on a motion for summary judgment or for a directed verdict." (quoting *Anderson*, 477 U.S. at 255) (bracket added)).

The Court may not disregard Plaintiff's allegations in his sworn complaint merely because Defendants deny that events happened as described by the Plaintiff or there is no medical evidence directly supporting the Plaintiff's version of events.  The Court agrees with the Magistrate Judge that the Defendants' motion for summary judgment is due to be denied because there are genuine issues of material fact concerning the use of force against the Plaintiff and Defendants' Jones and Totty involvement in that use of force.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows that:

1.   the Defendants' objections (doc. 52) are OVERRULED;

2.   the Recommendation of the Magistrate Judge (doc. 51) is ADOPTED;

3.      the Defendants' motion for summary judgment (doc. 27) is GRANTED with respect to the Plaintiff's claims against Defendants Crow and Smith, and the claims against these Defendants are DISMISSED with prejudice;

4.      the Defendants' motion for summary judgment (doc. 27) is GRANTED with respect to the Plaintiff's claims for monetary damages against Defendants Jones and Totty in their official capacities, and these claims are DISMISSED with prejudice;

5.      the Defendants' motion for summary judgment (doc. 27) is DENIED with respect to the Plaintiff's excessive force claims against Defendants Jones and Totty in their individual capacities; and

6.      this case is REFERRED BACK to the Magistrate Judge for an evidentiary hearing on the Plaintiff's excessive force claims against Defendants Jones and Totty.

DONE this 16th day of June, 2022.


  /s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE